

**HACKER MURPHY**
—— LLP ——

July 1, 2026

Honorable Daniel J. Stewart
United States Magistrate Judge
Northern District of New York
445 Broadway
Albany, New York 12207

   RE: United States v. Mark Nacht, 26-mj-76 (DJS)

Dear Judge Stewart:

I represent defendant Mark Nacht in the above referenced case.  On June 25, 2026, the parties appeared for a detention hearing, and this Court reserved its decision pending the receipt of additional background information. See June 25, 2026 Text Minute Entry.  Specifically, the Court requested defendant provide information about his electronic devices at his residence and his ability to pay a bond.

Initially, I understand that a probation officer for the United States District of Massachusetts visited defendant's residence today to assess the suitability of his apartment.

**<u>Electronic Devices</u>**

I spoke with my client and his brother who also resides at defendant's apartment about the electronic devices in the home.  Presently at defendant's apartment are the following devices:

1. A Samsung TV with Roku stick:
   *My client's brother indicated that Verizon Wireless will be coming on July 9th to install basic cable and a landline phone.  He will be removing the Roku stick at that time so the TV will no longer be internet capable.*

2. An Apple laptop: defendant's device
   *If released, this is the device defendant seeks to use as part of the ICMP program.*

3. An Apple desktop
   *My client's brother indicated that he is in the process of getting rid of this device as it is an old computer no longer in use.*

4. An iPhone 12: password protected and owned and exclusively used by defendant's brother
5. An iPad: password protected and owned and exclusively used by defendant's brother

**Bond**

Enclosed with this letter is a copy of defendant's statement from Bank of America reflecting his ability to pay a bond. Defendant respectfully requests the Court file the statement under seal as it contains confidential financial information. At the detention hearing, the Court requested information from defendant about the type and amount of the bond that defendant could pay should the Court order his release on conditions. If set, defendant respectfully requests the Court order a signature bond in an amount not to exceed $200,000.

**Response to Government**

Finally, defendant objects to the additional arguments advanced in the government's supplemental letter submission. See Dkt. No. 23.

The government contends that defendant's proximity to an elementary school and playground precludes release. However, as argued at the detention hearing, defendant sought to be released on Adam Walsh Act conditions, 18 U.S.C. § 3142(c)(1)(B), including, among other things, home incarceration. Accordingly, defendant must always reside at his home except for medical needs, religious services, and court appearances pre-approved by Pretrial Services or the Court.

Again, the government's arguments regarding defendant's brother remain purely speculative and should be dismissed by this Court. See Dkt. No. 23 at 1.

For the reasons set forth at the detention hearing as well as in this letter submission, defendant respectfully requests the Court find he has met his limited burden of production to rebut the presumption and order there are conditions of release which would reasonably assure the Court that he will return for future appearances and will not pose a danger to the safety of any other person or the community.

Respectfully Yours,

Julie A. Nociolo
*Attorneys for defendant Mark Nacht*

Enclosure

Cc:    Allen J. Vickey, Assistant United States Attorney, *via CM/ECF & email*
       Amy Brancatelli, Senior U.S. Probation Officer, *via email*