**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

-v- 1:26-CR-244 (AJB)

MARK NACHT,

Defendant.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**DECISION and ORDER**

## I. INTRODUCTION

The United States of America (the "government") has arrested and charged defendant Mark Nacht ("defendant") with attempted enticement and coercion of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Nacht*, 1:26-MJ-76, Dkt. No. 1 ("Compl."). After a detention hearing, U.S. Magistrate Judge Daniel Stewart found that the government had proven by clear and convincing evidence that defendant's release would endanger the community and that no conditions of release would reasonably mitigate this risk, and, accordingly, ordered him detained.

Defendant appealed and moved to revoke Judge Stewart's detention order. The motion has been fully briefed and will be considered based on the submissions without oral argument.

## II. LEGAL STANDARD

Pretrial release and detention determinations are governed by the Bail Reform Act of 1984. 18 U.S.C. § 3141. The Bail Reform Act lays out detailed procedures that courts must follow in deciding whether a criminal defendant should be detained or released pending trial. 18 U.S.C. §§ 3141–56. In short, a court may only "order the pre-trial detention of a defendant if, after a hearing,

the judge 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020) (quoting 18 U.S.C. § 3142(e)(1)). Additionally, a court has discretion to reopen a bail hearing at any time prior to trial, "if information comes to light that is both new and material to the detention question." *United States v. Zhang*, 55 F.4th 141, 147 (2d Cir. 2022) (citing 18 U.S.C. § 3142(f)).

A criminal defendant who has been ordered detained by a magistrate judge may move in the district court "for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews a magistrate judge's bail determinations under § 3142 *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). In other words, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *Id.* "When conducting de novo review, the district court may rely on the record of the proceedings before the magistrate judge and may also accept additional evidence." *United States v. Hagga*, 2021 WL 5822300, *3 (W.D.N.Y. Dec. 8, 2021) (citing *United States v. Colombo*, 777 F.2d 96, 98 (2d Cir. 1985)).

## III. DISCUSSION

Defendant argues that Judge Stewart erred in ordering him detained pending trial. Def.'s Mem., Dkt. No. 4-8. The government disagrees. Gov't Opp., Dkt. No. 5.

The Bail Reform Act requires the court to order the detention of a criminal defendant pending trial only where the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

When, as here, a defendant is alleged to have committed an offense involving a minor victim under 18 U.S.C. § 2422(b), "[s]ubject to rebuttal by the person, it shall be presumed that no

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E).[1] "The defendant 'bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight.'" *United States v. Kelly*, 2020 WL 7019289, *1 (2d Cir. Sept. 8, 2020) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)).

"Once the burden of production is met, the presumption 'does not disappear entirely,' but rather 'remains a factor to be considered among those weighed by the district court.'" *Kelly*, 2020 WL 7019289, at *1. However, "[e]ven in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *Id.* (citation and quotation marks omitted).

To determine whether there are conditions of release that would reasonably assure the appearance of the defendant and the safety of the community, the Court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person[;] [and]

[1] To be sure, there is no allegation that an actual child was harmed by defendant's alleged conduct. But the absence of an actual minor does not preclude application of the presumption. *See United States v. Naim*, 2015 WL 3440253, *16 (E.D.N.Y. May 20, 2015), *aff'd*, 710 Fed. Appx. 12 (2d Cir. 2017) (affirming a defendant's conviction for attempted sexual exploitation of a child where the evidence established that the defendant "knew that [the person he was communicating with online] filmed the boys himself, using a fictitious female persona" while reasoning that "a defendant can violate the statute solely through communications with an adult intermediary"); *see also United States v. Douglas*, 626 F.3d 161 (2d Cir. 2010) (per curiam) (holding that a defendant may violate § 2422(b) by communicating solely with a minor's adult guardian); *United States v. Sacco*, 2026 WL 1864473, at *6 (N.D.N.Y. 2026) (D'Agostino, J.) (applying the detention presumption in a § 2251 case where the defendant communicated solely with a law-enforcement officer).

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). "When detention is based wholly or in part on a determination of dangerousness, such finding must be supported by clear and convincing evidence." *United States v. Karper*, 847 F. Supp. 2d 350, 355 (N.D.N.Y. 2011) (citing 18 U.S.C. § 3142(f)(2)(B)).

Measured against this general legal standard, the Court is unpersuaded that defendant has met even his initial burden of production. However, even assuming defendant has met this limited burden of production, the Court finds that the government has established by clear and convincing evidence that defendant poses a danger to the community and that no condition or combination of conditions would reasonably assure the safety of the community.

The first factor, *i.e.*, the nature and circumstances of the offense charged, weighs in favor of detention. According to the government, defendant "contacted a Federal Bureau of Investigation Online Covert Employee ('OCE') pretending to be an adult woman with access to her thirteen-year old niece," continually "communicated with the OCE . . . and has expressed an interest in sexual contact with [the minor]," and "travelled from Massachusetts to New York to meet the woman and the woman's daughter for the purpose of having sex with the child." *See United States v. Nacht*, 1:26-MJ-76, Compl. According to the government, the conduct continued over a period of months, during which defendant discussed specific sexual acts he intended to perform with the child, instructed the purported child regarding sexual activity, and took steps to conceal the communications. These allegations describe deliberate, sustained, and escalating conduct culminating in defendant's alleged interstate travel to carry out the planned encounter.

The seriousness of the charged offense is further underscored by the substantial penalty defendant faces if convicted. Defendant faces a mandatory minimum sentence of ten years and a maximum sentence of life. *See* Gov't Opp. at 23. "The prospect of a severe sentence can create a

strong incentive for a defendant to flee and thereby avoid that sentence." *United States v. Zhang*, 55 F.4th 141, 151 (2d Cir. 2022) (citing *United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir. 2007)). For that reason, "[c]ourts have ordered detention of a defendant on the ground of serious risk of flight where the defendant faced a sentence of approximately five years and the potential sentence was considered in conjunction with other factors." *United States v. Terrance*, 2025 WL 782340, at *7 (N.D.N.Y. Jan. 10, 2025) (collecting cases). Accordingly, the serious and deliberate nature of the alleged offense, together with the substantial sentence defendant faces, weighs strongly in favor of detention.

The second factor—that is, the weight of the evidence regarding defendant's dangerousness—likewise supports detention. "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). As described above, defendant allegedly engaged in months of sexually explicit communications with a purported thirteen-year-old girl and her mother, attempted to conceal those communications, and ultimately traveled from Massachusetts to Albany to carry out the planned encounter.

Following his arrest, defendant also allegedly admitted that he had communicated with a thirteen-year-old child and traveled across state lines to engage in sexual activity with her. Taken together, these allegations suggest deliberate planning, persistence, and efforts at concealment that bear directly on defendant's dangerousness if released. *See United States v. Demarcus Bristuan Fitzhugh*, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016) ("*Just one* sexually-related offense against *just one* minor is enough to imply dangerousness.") (emphases in original); *see also United States v. Grooms*, 2022 WL 1204861, *4 (N.D. Ill. Apr. 22, 2022) ("The evidence here consists of victim statements, text messages, recorded conversations, undercover agent communications with

[the defendant], [the defendant]'s own statements . . . . All of this evidence demonstrates that the weight of the evidence is strong and demonstrates that his release poses a risk of danger to the community").

The third factor, that is, defendant's "history and characteristics," also cuts in favor of detention. The third factor directs the Court to look at defendant's history and characteristics, including: "[defendant]'s character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). To be sure, defendant is sixty-five years old, has no apparent criminal history, maintained a lengthy career as a school psychologist, and has family and community ties in Massachusetts. *See* Def.'s Mem. at 12. Those considerations weigh in his favor.

But other aspects of defendant's background cut in the opposite direction. According to the government's evidence, defendant spent decades working as a school psychologist and, during the charged communications, drew upon his experience working with children and families. He allegedly remarked that his "background in psychology working with teens and families" prepared him for being a "daddy dom" and made observations concerning the vulnerability and behavior of children from troubled homes. Gov't Opp. at 25.

These allegations suggest that defendant possessed substantial experience concerning children and their psychological vulnerabilities yet nevertheless engaged in sustained conduct directed toward what he believed was a thirteen-year-old child. In that respect, defendant's training and experience tend to heighten, rather than diminish, the Court's concern regarding his dangerousness. *Cf. United States v. Lombard*, 44 F. Supp. 3d 14, 19 (D.D.C. 2014) (explaining, in the sentencing context, that the defendant's extensive training in psychology and social work was

significant because it gave him particular insight into the wrongfulness of his conduct and the harm it would inflict on the child). On balance, therefore, defendant's history and characteristics weigh in favor of detention.

The final factor for the Court to consider is the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. 18 U.S.C. § 3142(g)(4). "Allegations of enticing a child to engage in sexual activity are particularly dangerous and pose a threat the Court cannot easily mitigate if [defendant] is released." *United States v. Cornish*, 449 F. Supp. 3d 681, 686–87 (E.D. Ky. 2020); *see also United States v. Epstein*, 425 F. Supp. 3d 306, 324 (S.D.N.Y. 2019) (denying defendant's motion for bail when his "dangerousness is considerable and includes sex crimes with minor girls").

Here, the alleged conduct presents the type of danger contemplated by § 3142(g)(4). As described above, defendant's alleged conduct reflects sustained planning, persistence, and a willingness to take concrete steps to act on the planned sexual encounter. Those circumstances substantially heighten the Court's concern that defendant would participate in "acts that are detrimental to the community." *United States v. Maratea*, 2018 WL 11191537, at *3 (E.D.N.Y. Nov. 20, 2018); *see also United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993).

That concern is amplified by the manner in which the alleged conduct was carried out. Much of it occurred through electronic communications, which defendant allegedly attempted to conceal. Those allegations suggest both an ability and a willingness to evade detection, making the risk posed by release more difficult to mitigate through ordinary conditions of supervision. Under these circumstances, the Court is not confident that conditions such as home detention, electronic monitoring, restrictions on internet access, or third-party supervision would reasonably assure the safety of the community. *Cf. United States v. Valerio*, 9 F. Supp. 3d 283, 292 (E.D.N.Y.

2014) (Bianco, J.) (finding home confinement condition insufficient to mitigate danger posed by defendant accused of child pornography-related offenses because "[b]y the click of a computer key or tap of a touchscreen on a mobile phone, defendant could cause the same type of extreme harm to children and the community that he is alleged to have committed in the instant case"). Moreover, the government represents that defendant's proposed residence is near places where children congregate and that the available supervision would not include certain measures that might otherwise reduce the risk presented by release. Gov't Opp. at 26–27. For these reasons, the Court agrees with Judge Stewart that defendant's release would pose a risk of serious danger to the community.

Finally, and based on the foregoing reasons, the Court finds that there is no condition or combination of conditions that will reasonable assure the safety of the community and the appearance of the defendant. *See* 18 U.S.C. § 3142(f)*; see also Valerio*, 9 F. Supp. 3d at 294–95 (concluding that home confinement and restrictions on electronic devices could not sufficiently mitigate the danger because internet-capable devices are "ubiquitous and easy to procure or hide, and increasingly even the lowest-level devices have internet functionality").

In sum, the Court finds that the government has carried its burden of showing, by clear and convincing evidence, that defendant presents a risk of danger to the community. The government has also shown that no condition or combination of conditions reasonably assure the safety of the community. Consequently, defendant's motion to revoke Judge Stewart's detention order must be denied.

## V. CONCLUSION

Therefore, it is

ORDERED that

1. Defendant's motion (Dkt. Nos. 1, 4) to revoke Judge Stewart's July 17, 2026 detention order is DENIED.

The Clerk of the Court is directed to terminate the pending motions.

**IT IS SO ORDERED.**

Dated: September 8, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge